UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BULLETIN MARKETING LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 17-cv-07211-BLF (VKD)<br><br>**ORDER RE OCTOBER 24, 2018 JOINT DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 61 |

Plaintiff Bulletin Marketing LLC ("Bulletin Marketing") moves to compel defendant Google LLC ("Google") to produce documents responsive to Bulletin Marketing's Request for Production No. 14 from six specific custodians. The Court finds this matter suitable for decision without a hearing.

Google's DoubleClick Ad Exchange ("AdX") service permits website publishers to display advertisements in exchange for a share of the revenue advertisers pay to Google. Dkt. No. 56 ¶¶ 15-19. Bulletin Marketing participated in this service as a publisher and as a manager of the websites of other publishers, a role Google calls "Network Partner Manager" or "NPM." *Id*. ¶¶ 25-27.

Bulletin Marketing says that Google withholds all of a publisher's accrued earnings if only some of its webpages have invalid activity or policy violations and does not refund the withheld amounts to affected advertisers, as required by the services agreement between Google and its AdX publishers and NPMs. Dkt. No. 61 at 1. Bulletin Marketing asserts a claim for breach of contract against Google on behalf of itself and a proposed class of AdX publishers whose accrued earnings were withheld by Google. Dkt. No. 56 ¶¶ 55-74.

The parties dispute which custodians' files should be searched for documents responsive to

Bulletin Marketing's Request No. 14, which seeks:

> All COMMUNICATIONS between YOUR employees RELATING TO the establishment of, enforcement of, or departure from any of YOUR internal policies or procedures for providing refunds or credits to advertisers, advertising networks, advertising agencies, and DSPs for ad clicks or impressions on an AdX PUBLISHER's website that YOU had determined to be fraudulent or invalid.

Dkt. No. 61-1.

Google has agreed to search the files of the following eight custodians whom it describes as members of its Trust and Safety ("T&S") department:

Tom Siegel
Jim Gray
Andrew Li
Ray Liu
Philippe Fauconnier-Bank
Felix Chang
Alice Yu
Scott Spencer

Dkt. No. 61 at 6. According to Google, the T&S department is responsible for "policy-setting, enforcement decisions, withholding payments from publishers, and refunding to advertisers." *Id.* Google represents that these custodians are "the senior-most employees substantively responsible for the subject matter of [Request No. 14], including for setting and implementing Google's policies regarding advertiser credits for detected invalid activity and in connection with publisher terminations." *Id.* at 6–7.

Bulletin Marketing argues that Google's list of custodians is too limited and omits custodians who are likely to have responsive documents. Specifically, Bulletin Marketing says that, contrary to Google's representations, the T&S department does *not* set, modify, or enforce Google's policies and procedures for refunding advertisers, but is primarily concerned with determining whether publishers have violated Google's policies. *Id.* at 2. In addition, Bulletin Marketing objects that Google's list of custodians does not include any executives, save for Mr. Siegel. Bulleting Marketing contends that it is not plausible that mid-level managers, and not senior executives, are responsible for setting Google's policies regarding refunds to advertisers. *Id.* at 4–5. Bulleting Marketing wants Google to search the files of the following six custodians,

2

in addition to the eight custodians identified above:

> Sridhar Ramaswamy (former Senior Vice President, Google Ads & Commerce)
> Scott Silver (former Vice President, Engineering)
> Elisar Lipkovitz (Vice President Engineering)
> Neal Mohan (former Senior Vice President, Display Ad Products)
> Jonathan Bellack (Director, Product Management)
> Brad Bender (Vice President, Display and Video Advertising)

*Id.* at 3–4.

The Court has reviewed the information Bulletin Marketing cites in support of its argument that T&S department personnel are unlikely to have responsive documents. *See id.* at 3. Neither Mr. Liu's declaration in a separate action nor the referenced Google statement support the conclusion that these personnel are unlikely to have responsive documents. The Court has also reviewed the information Bulletin Marketing cites in support of its argument that the six additional custodians are likely to have documents responsive to Request No. 14. But none of the cited information supports Bulletin Marketing's central thesis, which is that these six custodians are the most likely to have decision-making authority with respect to policies and procedures regarding refunds. Instead, the cited information tends to support Google's argument that these personnel focus or focused primarily on the product management and engineering aspects of fraudulent or invalid advertising, and not on the policy implementation issues that Bulletin Marketing says are the point of its document request.

Given the record before the Court, at this time the Court finds no reason to compel Google to review the files of the six additional custodians for documents responsive to Request No. 14. If it later becomes apparent that the eight agreed-upon custodians do not have responsive documents, or if Bulletin Marketing develops evidence that other custodians' files should also be searched, Bulletin Marketing should first confer with Google to expand the list of custodians and, if necessary, seek an order compelling a search of additional custodians' files.

Accordingly, the Court denies Bulletin Marketing's motion without prejudice.

**IT IS SO ORDERED.**

///

///

Dated: December 21, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge